Wells Fargo Bank, N.A. v Steward (2024 NY Slip Op 05568)

Wells Fargo Bank, N.A. v Steward

2024 NY Slip Op 05568

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2022-04033
 (Index No. 18300/11)

[*1]Wells Fargo Bank, N.A., respondent,
v
Jeanette Steward, etc., et al., defendants; LJ Equities II, LLC, nonparty-appellant.

Irwin Popkin, Melville, NY, for nonparty-appellant.
LOGS Legal Group LLP, Rochester, NY (Ellis M. Oster of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty LJ Equities II, LLC, appeals from an order of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), dated April 13, 2022. The order, insofar as appealed from, denied the motion of nonparty LJ Equities II, LLC, in effect, to vacate a judgment of foreclosure and sale of the same court entered January 8, 2019, and pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against the defendant Jeanette Steward as abandoned.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In June 2011, the plaintiff commenced this action to foreclose a mortgage against the defendant Jeanette Steward, among others. In January 2012, Steward conveyed her interest in the subject property to nonparty LJ Equities II, LLC (hereinafter LJ Equities). A judgment of foreclosure and sale was entered on January 8, 2019.
In January 2022, LJ Equities moved, in effect, to vacate the judgment of foreclosure and sale and pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against Steward as abandoned. LJ Equities argued that the judgment of foreclosure and sale should be vacated and the complaint dismissed insofar as asserted against Steward as abandoned because "the Court lacked subject matter jurisdiction to enter the judgment as a result of the Court's failure to abide by . . . CPLR § 3215 (c)." By order dated April 13, 2022, the Supreme Court, inter alia, denied LJ Equities's motion on the ground that LJ Equities had not been granted leave to intervene in the action. LJ Equities appeals. We affirm so much of the order as denied LJ Equities's motion, albeit on a different ground than that relied upon by the court.
"CPLR 3215 permits a plaintiff to seek a default judgment against a defendant who does not appear, but, '[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned'" (Bank of N.Y. v Ilonzeh, 203 AD3d 1119, 1121, quoting CPLR 3215[c]; see CitiMortgage, Inc. v Goldstein, 187 AD3d 841, 842). However, a motion to dismiss the complaint as abandoned pursuant to CPLR 3215(c) is untimely when it is made after the entry of a judgment of foreclosure and sale (see Federal Natl. Mtge. Assn. v Marty, 219 AD3d 581, 583; Deutsche Bank [*2]Natl. Trust Co. v Simpson, 208 AD3d 1305, 1308). Here, that branch of LJ Equities's motion seeking relief pursuant to CPLR 3215(c) was untimely, as it was made after entry of the judgment of foreclosure and sale (see Deutsche Bank Natl. Trust Co. v Simpson, 208 AD3d at 1308; Bank of N.Y. v Ilonzeh, 203 AD3d at 1121).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly denied LJ Equities's motion, in effect, to vacate the judgment of foreclosure and sale and pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against Steward as abandoned.
DILLON, J.P., WARHIT, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court